## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SYLVIA KLATT and ANDREA ZENNER, individually and on behalf of all others similarly situated,<br>      Plaintiffs,<br><br>   v.<br><br>McHENRY SCHOOL DISTRICT 15, and McHENRY SCHOOL DISTRICT 156,<br><br>      Defendants. | JURY DEMANDED<br><br>Case No. |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs Sylvia Klatt and Andrea Zenner, on behalf of themselves and all other persons similarly situated, known and unknown, through their attorneys, hereby make the following allegations against McHenry School District 15 and McHenry School District 156 ("Defendants"), as follows:

## NATURE OF PLAINTIFFS' CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL") for Defendants' failure to pay plaintiffs, and other similarly situated persons, all earned overtime wages, and failure to compensate Plaintiffs and other similarly situated persons for all time worked.

2. Plaintiffs are individuals who were employed or are currently employed by Defendants as school bus drivers or other similarly titled positions, during the statutory period. Plaintiffs all shared similar job titles, compensation plans, job descriptions, and job requirements under a collective bargaining agreement.

3. Defendants operate public schools in McHenry County, Illinois, which is within this judicial district. Defendants managed Plaintiffs' work, including the number of hours worked by their bus drivers. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

4. Plaintiffs are non-exempt under federal and state wage and hour laws and paid in part on a per route basis. They also are entitled to bonuses for defined achievements. The amount of Plaintiffs' hourly rate varied and was contingent on the number of jobs completed by each driver on a weekly basis and the value, if any, of bonuses for that week.

5. Defendants provided Plaintiffs with routes on a daily basis. Plaintiffs went to the bus yard to prepare their bus and thereafter drove their assigned routes. At the conclusion of each job, Plaintiffs were required to bring the bus back to the yard and drive it out again to complete the next route. At the end of the day, the driver was expected to clean and fuel the bus.

6. Defendants suffered and permitted Plaintiffs to regularly work more than 40 hours in given workweeks without proper overtime compensation. Plaintiffs routinely worked in excess of eight hours per day performing their assigned work.

7. Defendants failed to create or maintain a record of daily work hours.

8. Defendants failed to accurately record actual hours worked by their drivers.

9. Defendants knew and were aware at all times that their drivers routinely worked more than 40 hours per week. Nonetheless, defendants failed to properly pay their drivers for all overtime hours actually worked.

10. Defendants' practices violated the provisions of the FLSA and IMWL. As a result of Defendants' unlawful practice, the Defendants benefited from reduced labor and payroll costs.

11. Plaintiffs were all subject to Defendants' uniform policies and practices and were victims of Defendants' common schemes to deprive them of overtime compensation. As a result of Defendants' improper and willful failure to pay Plaintiffs in accordance with the requirements of federal and state wage and hour laws, Plaintiffs suffered lost wages and other damages.

12. Plaintiffs bring their FLSA overtime claims as a collective action pursuant to 29 U.S.C. § 216(b).

13. Plaintiffs bring their state overtime claims and state unpaid wage claims as a class action pursuant to Fed.R.Civ.P.23.

## THE PARTIES

14. Representative Plaintiff Sylvia Klatt worked as a school bus driver for Defendants during the applicable statute of limitations period. Plaintiff resides in and is domiciled within this judicial district.

15. Representative Plaintiff Andrea Zenner worked as a school bus driver for Defendants during the applicable statute of limitations period. Plaintiff resides in and is domiciled within this judicial district.

16. Each Representative Plaintiff was employed by the Defendants as an "employee," as that term is defined by Section 203 of the FLSA, and as that term is defined and interpreted under the Illinois Minimum Wage Law, 820 ILCS 105/3(d).

17. At all relevant times, Defendants were Plaintiffs' "employer" as that term is defined by the Illinois Minimum Wage Law, 820 ILCS 105/3(c) and Section 203 of the FLSA.

18. Defendant McHenry School District 15 ("MSD15") is an Illinois school district with places of business in McHenry County, Illinois and headquartered in McHenry, Illinois.

Defendant MSD15 is in the business of educating students throughout the county of McHenry, Illinois.

19.     Defendant McHenry School District 156 ("MSD156") is an Illinois school district headquartered in McHenry, Illinois. Defendant MSD156 is in the business of educating high school students throughout the county of McHenry, Illinois.

## JURISDICTION AND VENUE

20.     This Court has original jurisdiction over Plaintiffs' FLSA claim in this action under 28 U.S.C. § 1331.

21.     This Court has original jurisdiction over all class claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), and in the alternative, supplemental jurisdiction over all class claims in this action under 28 U.S.C. § 1367. This is a class action in which: (1) there are 70 or more putative members in Plaintiffs' proposed class; (2) at least some of the members of the proposed class have different citizenship from Defendants; and (3) the claims of the proposed class members exceed $5,000,000.00 in the aggregate.

## CLASS ACTION ALLEGATIONS

22.     Plaintiffs and similarly situated employees are current and former school bus drivers who were employed by one or more of the Defendants and not properly paid for all their time worked.

23.     Plaintiffs and other employees are similarly situated to one another and shared similar duties, timekeeping and compensation. Plaintiffs were all subjected to Defendants' common schemes to deprive them of pay for all time worked.

24.     With respect to plaintiffs' FLSA claim, Plaintiffs seek to represent a collective class that is comprised of and defined as:

>all persons who have been employed or are currently employed in McHenry County, Illinois by one or more of the Defendants, their subsidiaries or affiliated companies, as school bus drivers or other similarly titled positions, during the applicable statute of limitations period (herein the "FLSA Collective Class").

25. With respect to Plaintiffs' IMWL claim, Plaintiffs seek to represent a class that is comprised of and defined as:

>all persons who have been employed or are currently employed in McHenry County, Illinois by one or more of the Defendants, their subsidiaries or affiliated companies, as school bus drivers or other similarly titled positions, during the applicable statute of limitations period (herein the "IMWL Class").

26. This action is being brought as a collective action under the FLSA, 29 U.S.C. § 216(b), because Plaintiffs are similarly situated in that they all: (A) had similar duties; (B) performed similar tasks; (C) were subjected to the same requirements under the FLSA to be paid overtime wages unless specifically exempted thereunder; (D) were all subjected to the same pay plans; (E) were required to work and did work in excess of forty hours per week when needed; and (F) were not paid at a rate of one and one-half times their respective regular rates of pay for all such overtime hours worked.

27. This action is also being brought as a class action under Fed. R. Civ. P. 23, because the state class is so numerous that joinder of all class members is impracticable.

28. The Representative Plaintiffs and the members of the State Class have been equally affected by Defendants' practice of not properly compensating employees for all overtime worked.

29. The Representative Plaintiffs and the members of the State Class have been equally affected by Defendants' failure to pay all earned wages to its employees.

30. Furthermore, members of the State Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

31.     The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact predominate over the variations that may exist, if any, between members of the Class.

32.     The Representative Plaintiffs and the members of the State Class and Defendants have a commonality of interest in the subject matter and the remedy sought.

33.     The Representative Plaintiffs are able to fairly and adequately represent and protect the interests of the members of the State Class. Plaintiffs' Counsel is competent and experienced in litigating large wage and hour and other employment class actions.

34.     If individual actions were required to be brought by each member of the class injured or affected, the result would be multiplicity of actions; creating a hardship to the State Class, to the Court and to Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

35.     The books and records of Defendants are material to Plaintiffs' case as they disclose the routes alleged to have been worked by members of the State Class and the amounts they were paid for that work.

36.     Plaintiffs have retained counsel experienced in complex employment litigation and in class action litigation.

37.     Plaintiffs and their counsel will fairly and adequately protect the interest of both classes.

## COUNT I
## Violation of the Fair Labor Standards Act
## (Collective Action)

38. Plaintiffs hereby reallege and incorporate the above paragraphs of this complaint as if fully set for the herein.

39. Plaintiffs assert claims for unpaid overtime pursuant to the FLSA.

40. At all times relevant hereto, Defendants were an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA. 29 U.S.C. § 203(s).

41. At all times relevant hereto, Defendants were an "employer" within the meaning of section 3(d) of the FLSA. 29 U.S.C. § 203(d).

42. At all times relevant hereto, each individual Plaintiff was an "employee" as defined by Section 3(e) of the FLSA. 29 U.S.C. § 203(e).

43. Plaintiffs were not paid for all hours worked in excess of 40 hours in a workweek during the limitations period in violation of the maximum hours provisions of the FLSA. 29 U.S.C. § 207(a).

44. At all times relevant hereto, Defendants' failure to pay Plaintiffs one and one-half their regular rate for all hours worked over 40 hours in a workweek was willful in that among other things:

   a. Defendants knew that the FLSA required it to pay time and one-half for all hours worked over 40 in a week.

   b. Defendants failed to maintain true and accurate time records as required by the FLSA.

   c. Defendants failed to create and maintain *inter alia* hours worked each day and work week, time of day employee's work week begins, basis on which wages are paid and type of payment, straight time and overtime pay and total wages paid each pay period as required by IMWL regulation 210.700.

45. Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to section 16(b) of the FLSA. Alternatively, should the Court find Defendants have not acted willfully in failing to pay minimum wage and overtime pay, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

46. Accordingly, Plaintiffs are due unpaid overtime wages and liquidated damages, pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiffs and the FLSA collective class pray for judgment against Defendants as follows:

    A. Judgment in the amount of the difference between the wage paid to the employees who opted-in and the required wage under the statute;

    B. Judgment in the amount equal to the wage shortage as provided by the FLSA. 29 U.S.C. 216;

    C. Reasonable attorneys' fees and costs incurred in filing this action; and

    D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law
### (Class Action)

47. Plaintiffs hereby reallege and incorporate the above paragraphs of this complaint as if fully set for the herein.

48. This Court has original jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1332 (d), and in the alternative, supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

49. The matters set forth in this Court arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"). Plaintiffs bring this action on their own behalf and on behalf of the IMWL Class.

50. Pursuant to IMWL, 820 ILCS 105/4a, for all weeks during which Plaintiffs and the IMWL Class worked in excess of 40 hours, Plaintiffs and the IMWL Class were entitled to be compensated at one and one-half times their regular hourly rate of pay for time worked in excess of 40 hours per week.

51. Defendants did not pay Plaintiffs and the IMWL Class one and one-half times their regular hourly rate of pay for all time worked in excess of 40 hours per week.

52. Defendants violated the IMWL by failing to compensate Plaintiffs and the IMWL Class at one and one-half times their regular hourly rate of pay for all time worked in excess of 40 hours per week.

53. Pursuant to IMWL, 820 ILCS 105/12, Plaintiffs and the IMWL Class are entitled to recover the difference between the wage paid to the employee and the wage required under the statute, plus 2% interest on the shortage every month until paid as well as reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs and the IMWL class pray for judgment against Defendants as follows:

    A.    Judgment in the amount of the difference between the wage paid to the employee and the wage required under the statute;

    B.    2% on the shortage each month until paid;

    C.    Reasonable attorneys' fees and costs incurred in filing this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

**PRAYER FOR RELIEF**

WHEREFORE, the Representatives, Plaintiffs Sylvia Klatt and Andrea Zenner, individually and on behalf of all others similarly situated, by and through their attorneys, demand judgment against the Defendants for a sum that will properly, adequately and completely compensate Plaintiffs, the Collective and the Class for the nature, extent and duration of their damages, the costs of this action and further request the Court:

A. Certify the FLSA collective action for Count I;

B. Certify the State class for Count II;

C. Order the Defendants to file with this Court and furnish to counsel a list of all names and addresses of all hourly, non-exempt school bus drivers employed by one or more of the Defendants within the last 3 years;

D. Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all current and former hourly, non-exempt technicians employed by one or more of the Defendants during the three years immediately preceding this action, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to Count I of this lawsuit if they worked hours in excess of forty hours in a week during the liability period, but were not paid overtime as required by the FLSA;

E. Declare and find that the Defendants committed one or more of the following acts:

    i. Violated provisions of the FLSA with respect to Plaintiffs and similarly situated employees who opt-in to this action;

    ii. Willfully violated provisions of the FLSA with respect to Plaintiffs and similarly situated employees who opt-in to this action;

F. Award compensatory damages, including all wages and overtime pay owed, in an amount according to proof;

G. Award 2% per month on the shortage for every individual plaintiff in Count II for every month until the shortage is paid;

H. Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

I. Grant leave to amend to add claims under applicable state and federal laws to conform with the proofs at trial;

J.      Grant leave to add additional Plaintiffs by motion or any other method approved by the Court to conform with the proofs at trial; and

K.      For such further relief as the Court deems just and equitable.

Dated: November 8, 2018                                 Respectfully submitted,

SYLVIA KLATT and ANDREA ZENNER, individually and on behalf of all others similarly situated,

By:    /s/ Jac A. Cotiguala
          One of Plaintiffs' Attorneys

Jac A. Cotiguala
Law Offices of Jac A. Cotiguala
431 South Dearborn Street, Suite 606
Chicago, IL 60605
(312) 939-2100
jac@wageandhour.com

James B. Zouras
Ryan F. Stephan
Anna M. Ceragioli
Stephan Zouras, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, IL 60606
(312) 233-1550
jzouras@stephanzouras.com
rstephan@stephanzouras.com
aceragioli@stephanzouras.com

**Attorneys for Plaintiffs**