IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SYLVIA KLATT and ANDREA ZENNER, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) Case No. 18 C 7414 |
| v. | ) ) ) |
| McHENRY SCHOOL DISTRICT 15, and McHENRY SCHOOL DISTRICT 156, | ) ) ) |
| Defendants. | ) ) |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and General Release ("Agreement") is made and entered into this ___ day of August, 2020, by and between the following parties: Sylvia Klatt, Andrea Zenner, Lori Barnes, Joann Behan, Angela Bove, Jennifer Cassan, Debra Chaples, Brian Diederich, Cynthia Duckworth, Donna Eskridge, Julie Fast, Julie Flores, Donna Freedenberg, Thomas Giurlani, Jennifer Herman, Michael Horvath, Vicki Johnson, Jeneane Kehl, Laura Langguth, John Lindsay, Charles Lindwall, Megan Lowe, Donna Mulick, Sue Ofenlock, Deborah Pahl, Dennis Palvs, Tyler Roman, Eugene Silvers, David Slepcevich, Brenda Tonyan, Jennie Weberski, Linda Weinfurter, George Wilkinson, and Samantha Zurawski ("Plaintiffs"), the Board of Education of McHenry County School District 15 ("District 15"), and the Board of Education of McHenry County School District 156 ("District 156"). District 15 and 156 are referred to collectively as Defendants. Defendants and Plaintiffs are referred to collectively as the "Parties."

### Preamble

**WHEREAS,** Plaintiffs filed a complaint against Defendants on November 8, 2018 (the "Lawsuit"); and

EXHIBIT B

**WHEREAS,** Plaintiffs asserted federal and state law claims against Defendants as set forth more particularly in the pleadings in the Lawsuit, which claims Defendants have denied and continue to deny; and

**WHEREAS,** it is now the desire of Plaintiffs and Defendants to fully and finally resolve and settle the Lawsuit, their respective claims, which exist between them which were in the lawsuit and enter into a full and final compromise, settlement and mutual release on those claims.

**NOW THEREFORE,** in consideration of the foregoing, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged:

1. <u>Incorporation of Preamble</u>. Each of the introductory statements contained in the Preamble hereto are incorporated into Section 1 of this Agreement as material terms and provisions agreed to by Plaintiffs and Defendants.

2. <u>Compromise and Settlement.</u> This Agreement constitutes the compromise and settlement of disputed claims that is made to avoid further costs of litigation. The Parties' settlement negotiations have been conducted in good faith and at arm's length. Plaintiffs' counsel conducted a thorough investigation of the Plaintiffs' claims against Defendants including review of extensive records, deposition testimony, and interviews with Plaintiffs. Plaintiffs and their attorneys believe the settlement to be fair, adequate and reasonable and in the best interests of the Plaintiffs in light of all known facts and circumstances, including the risks and delay associated with further litigation. The settlement was reached through a series of mediation conferences before the Hon. Gabriel Fuentes, U.S. Magistrate Judge.

3. <u>No Admission.</u> Nothing contained herein, nor any actions taken by Plaintiffs or Defendants in connection herewith, shall constitute, be construed as, or be deemed to be any admission of fault, liability, or wrongdoing whatsoever on the part of any party.

4. <u>Settlement of All Claims</u>. Plaintiffs and Defendants intend this Agreement to be a complete and total resolution and settlement of any and all claims of any kind asserted in the Lawsuit.

5. <u>Dismissal of the Lawsuit.</u> Upon approval of this Agreement by the Court, the Parties will ask the Court to enter an order dismissing the Lawsuit without prejudice, retaining jurisdiction until September 21, 2020 for the sole purpose of enforcing the terms of this Agreement, and further providing that the dismissal will convert to a dismissal with prejudice without further order of the Court if no Party has filed a motion to enforce this Agreement or to allow for additional time in which to file such a motion. The court in its dismissal order shall specify that each plaintiff was paid in full for all unpaid wages for the period of November 8, 2015 to December 31, 2019 and all claims under the FLSA and IMWA have been satisfied.

6. <u>Settlement Payment.</u> In return for Plaintiffs' dismissal and waiver of all their claims, causes of action, and other actionable matters of any kind asserted in the lawsuit and the dismissal with prejudice of the Lawsuit filed against Defendants in its entirety, Defendants agree to pay Plaintiffs the total gross amount of $1,425,000, to be allocated as follows:

    a. The total gross amount of $950,000.00, will be distributed to Plaintiffs as follows:

        i. Service award of $10,000.00 to Sylvia Klatt which will be reported on an IRS form 1099.

        ii. The amount of $940,000.00 will be divided among the Plaintiffs as set forth in Exhibit 1 to this Agreement. The amount of $404,200 will be designated as overtime wages and will be reported on an IRS Form W-2 and subject to payroll tax withholding including voluntary additional

contribution ("VAC") to the Illinois Municipal Retirement Fund ("IMRF") and deductions required by law. Defendants will be responsible for paying all employer-paid taxes, including FICA and Social Security and Medicare and the employer share of any Illinois Municipal Retirement Fund contributions on the wage portion of the distribution to each Plaintiff. The remaining balance, in the amount of $535,800, payable to each Plaintiff as indicated by Exhibit 1, will be designated not as wages, but as liquidated damages and/or statutory damages under the Fair Labor Standards Act and Illinois Minimum Wage Law. This portion of the amount distributed to each Plaintiff will be reported to each Plaintiff on an IRS Form 1099.

 iii. Allocation of regular deductions for IMRF purposes are as follows: one quarter to December 1, 2016, one quarter to December 1, 2017, one quarter to December 1, 2018, and one quarter to December 1, 2019. Voluntary additional contributions to IMRF in the same percentage indicated by each plaintiff on December first of 2016, 2017, 2018 and 2019, if any. The parties request that IMRF, if needed, reinstate any plaintiff for a day to receive the contributions.

b. Subject to approval of the Court, the total gross amount of $475,000.00 will be paid to Plaintiffs' lead counsel of record, Jac A. Cotiguala & Associates ("Plaintiffs' Lead Counsel") as full compensation for all attorneys' fees, costs, and expenses incurred by Plaintiffs or Plaintiffs' attorneys relative to the Lawsuit. Defendants take no position regarding the appropriateness of this fee award. If the Court determines that a lesser amount should be paid to Plaintiffs'

attorneys for fees, costs, and expenses, any difference will be distributed to the Plaintiffs in proportion to the amounts payable to each Plaintiff under Section 6.a.ii above. Plaintiffs' Lead Counsel will be responsible for distributing this amount between and among all of Plaintiffs' attorneys of record in the Lawsuit. This portion of the Settlement Payment will be reported on IRS Forms 1099 <u>provided to both Plaintiffs</u> and given to Jac A. Cotiguala. in accordance with the proportion of the Settlement Payment allocated to each Plaintiff.

7. <u>Distribution of the Settlement Payment</u>. District 15 will be responsible for distributing the Settlement Payment in accordance with this Agreement within fourteen days after this Agreement has been approved by the Court. District 156 will pay its contribution to the Settlement Payment to District 15 in accordance with the separate agreement between Defendants regarding that payment. District 15 will file with the court a certification of mailing via certified mail or delivery in person for all checks to all parties as described in paragraph 6 above.

8. <u>Confidentiality</u>. The Parties will maintain this Agreement as confidential, except from their respective attorneys, tax and financial advisors, immediate family, and as otherwise required by law (including, but not limited to, the Illinois Freedom of Information Act and Open Meetings Act). The Parties will seek leave of the Court to file the schedule attached as Exhibit 1 under seal. Plaintiffs each acknowledge and agree that Exhibit 1 has not been shared with them in its entirety. Rather, each Plaintiff has been separately advised by Plaintiffs' Counsel of the amount to be paid to them under this Agreement. Plaintiffs' Counsel has provided attorneys for School District 15 and School District 156 with an unredacted copy of Exhibit 1 that includes Plaintiffs' names which shall remain confidential. Each Plaintiff waives any right to be informed of the amount being paid to any other Plaintiff under this Agreement. Plaintiffs' Counsel are solely

responsible for accurately conveying these amounts to each Plaintiff, and in no event will Defendants be liable for any additional sums as a result of any error or failure by Plaintiffs' Counsel to accurately convey this information to each Plaintiff. The amounts payable to each party in paragraph 6 above are known only by the persons in District 15 accounting department responsible for creating checks and they have been instructed to keep the amounts of the checks confidential.

9. <u>Plaintiffs' Responsibility for Liens.</u> Plaintiffs agree to assume responsibility for all outstanding liens of any kind, those known and unknown, from the proceeds of this settlement. To the extent that any person seeks to enforce any such liens against Defendants, or anyone associated with Defendants, Plaintiffs agree to hold harmless the Defendants or anyone associated with the Defendants, and their past, current and future elected and appointed officials, President and School Board members, officers, employees, attorneys, agents, volunteers, successors, executors, legal and/or personal representatives of any kind, insurers and assigns (hereinafter referred to as "Defendants Affiliates") for all said liens. The Plaintiffs also hereby agree to defend Defendants and Defendants' Affiliates against the enforcement of said liens and to assume all costs, expenses and attorney fees related to said defense.

10. <u>Release.</u> Plaintiffs, on behalf of themselves and their heirs, known and unknown, executors, administrators, successors and assigns, for and in consideration of the payment set forth herein, irrevocably and unconditionally release and forever until the end of time discharge and acquit Defendants and Defendants' Affiliates from all claims that were asserted in the Litigation, including but not limited to all claims for unpaid overtime wages, liquidated damages, treble damages, or other sums due as a result of any alleged failure to pay wages in accordance with the

Fair Labor Standards Act or Illinois Minimum Wage Law (hereinafter referred to as the "Claims"), earned or payable from November 8, 2015 through December 31, 2019.

11. <u>No Attorneys' Fees and Costs</u>. Plaintiffs waive their right, if any, to attorney fees and costs except as expressly provided in this Agreement. Plaintiffs will pay all litigation costs they incurred, and Plaintiffs will bear all their incurred expenses in the negotiation and preparation of this Agreement.

12. <u>Court Approval</u>. Promptly after all Parties have signed this Agreement, the Parties, through counsel, will jointly file a motion asking the Court to approve this Agreement. This Agreement will be null and void unless approved by the Court.

13. <u>Choice of Law; Savings Provision; Venue</u>. This Agreement will be governed by Illinois law. If any provisions of this Agreement shall be invalidated or refused enforcement by any court of competent jurisdiction, the provisions not invalidated or refused enforcement shall remain in full force and effect.

14. <u>Entire Agreement</u>. This Agreement represents the entire agreement between Plaintiffs and Defendants with respect to the matters set forth herein and supersedes all prior agreements or understandings, if any, between the Parties. Plaintiffs acknowledge that except for the explicit provisions of this Agreement, no promises or representations of any kind have been made to them by Defendants or their attorneys, to induce them to enter into this Agreement. No modification of this Agreement can be made except in writing and signed by Plaintiffs and authorized representatives of Defendants.

15. <u>For Settlement Only</u>. This Agreement is entered into for settlement purposes only and represents the compromise of all disputed Claims, actual or potential, which Plaintiffs have or may believe they have in the lawsuit. Neither this Agreement, the decision to enter into this

450462_1

Agreement, nor anything done pursuant to this Agreement, shall be construed to be an admission or evidence of any wrongdoing or any liability by Plaintiffs or Defendants, **such wrongdoing and liability being expressly denied**. Nor will this Agreement, its existence or its terms, be admissible in any proceeding other than a proceeding to enforce the terms of this Agreement.

16. <u>Representations & Warranties by Plaintiffs and Defendants</u>. Plaintiffs and Defendants represent and warrant that (a) they have the capacity, full power, and authority to enter into this Agreement; (b) the individual(s) signing on behalf of Plaintiffs is authorized to do so; (c) they have not assigned, encumbered, or in any manner transferred all or any portion of the Claims covered by this Agreement; (d) there are no other claims, charges, complaints, actions for relief, suits, arbitrations, or other claims or proceedings, pending between Plaintiffs and Defendants in any court, before any agency, or in any forum pertaining to the claims in the lawsuit at bar; and (e) no other person or third party has any right, title, or interest in any of the Claims covered by this Agreement.

17. <u>Successors & Assigns</u>. This Agreement shall be binding upon and inure to the benefit of Plaintiffs and Defendants, and their respective personal representatives, official representatives, agents, insurers, attorneys, executors, administrators, heirs, successors, and assigns.

18. <u>Knowing and Voluntary Signing of Binding Contract</u>. Plaintiffs represent and warrant that they have read this Agreement and understand all of its terms, and they execute this Agreement voluntarily and without duress or undue influence, and with full knowledge of its significance, intending to be legally bound. Plaintiffs acknowledge that by signing this Agreement, they are GIVING UP ALL CLAIMS BROUGHT IN THE LAWSUIT AT BAR AGAINST

MCHENRY COUNTY SCHOOL DISTRICT 15 AND MCHENRY COUNTY SCHOOL DISTRICT 156.

19. <u>Opportunity To Consult Advisors</u>. Plaintiffs and Defendants have had reasonable opportunity to consult with attorneys or other advisors of their own choosing before executing this Agreement.

20. <u>Counterparts</u>. This Agreement may be executed by use of DocuSign and executed in counterparts, each of which may be executed separately and may be enforceable as an original, but all of which together shall constitute but one agreement and signature by facsimile or e-mail will have the same effect as original signatures

IN WITNESS WHEREOF, Plaintiffs and Defendants have executed this Agreement by affixing their signatures and the dates of execution where indicated below. The effective date of this Agreement, as noted on Page 1 above, shall be the date on which the last signatory signs and dates this Agreement.

| Signature | Date | Signature | Date |
|---|---|---|---|
| Sylvia Klatt | 8/26/2020 | Andrea Zenner | 8/26/2020 |
| Lori Barnes | 8/27/2020 | Joann Behan | 8/26/2020 |
| Angela Bove | 8/26/2020 | Jennifer Cassan | 8/27/2020 |
| Debra Chaples | 8/26/2020 | Brian Diederich | 8/26/2020 |
| Cynthia Duckworth | 8/26/2020 | Donna Eskridge | 8/27/2020 |
| Julie Fast | 8/26/2020 | Julie Flores | 8/26/2020 |
| Donna Freedenberg | 8/26/2020 | Thomas Giurlani | 8/27/2020 |

450462_1

| | |
|---|---|
| _____ 8/26/2020<br>Jennifer Herman (Date) | _____ 8/26/2020<br>Michael Horvath (Date) |
| _____ 8/27/2020<br>Vicki Johnson (Date) | _____ 8/26/2020<br>Jeneane Kehl (Date) |
| _____ 8/26/2020<br>Laura Langguth (Date) | _____ 8/27/2020<br>John Lindsay (Date) |
| _____ 8/26/2020<br>Charles Lindwall (Date) | _____ 8/26/2020<br>Megan Lowe (Date) |
| _____ 8/27/2020<br>Donna Mulick (Date) | _____ 8/28/2020<br>Sue Ofenlock (Date) |
| _____ 8/28/2020<br>Deborah Pahl (Date) | _____ 8/26/2020<br>Dennis Parys (Date) |
| _____ 8/26/2020<br>Tyler Roman (Date) | _____ 8/26/2020<br>Eugene Silvers (Date) |
| _____ 8/27/2020<br>David Slepcevich (Date) | _____ 8/26/2020<br>Brenda Tonyan (Date) |
| _____ 8/26/2020<br>Jennie Weberski (Date) | _____ 8/26/2020<br>Linda M Weinfurter (Date) |
| _____ 8/26/2020<br>George Wilkson (Date) | _____ 8/26/2020<br>Samantha Zurawski (Date) |

Board of Education,
McHenry School District 15

By:_____
                                (Date)

_____
Title

Board of Education,
McHenry School District 156

By:_____
                                (Date)

_____
Title

450462_1

*Klatt v. McHenry County, 18-C-7414, Exhibit 1*

| Lost Wages | Liquidated Damages | Total Damages |
|---|---|---|
| $430.00 | $570.00 | $1,000.00 |
| $430.00 | $570.00 | $1,000.00 |
| $443.00 | $587.35 | $1,030.35 |
| $454.85 | $602.93 | $1,057.78 |
| $455.25 | $603.47 | $1,058.72 |
| $507.55 | $672.79 | $1,180.34 |
| $531.18 | $704.12 | $1,235.30 |
| $543.52 | $720.48 | $1,264.00 |
| $555.23 | $736.00 | $1,291.23 |
| $653.41 | $866.15 | $1,519.56 |
| $784.64 | $1,040.09 | $1,824.73 |
| $820.08 | $1,087.08 | $1,907.16 |
| $971.46 | $1,287.75 | $2,259.21 |
| $1,032.00 | $1,368.00 | $2,400.00 |
| $1,155.88 | $1,532.22 | $2,688.10 |
| $1,196.32 | $1,585.83 | $2,782.15 |
| $1,378.61 | $1,827.47 | $3,206.08 |
| $1,915.65 | $2,539.36 | $4,455.01 |
| $2,146.46 | $2,845.30 | $4,991.76 |
| $3,164.02 | $4,194.16 | $7,358.18 |
| $3,209.08 | $4,253.90 | $7,462.98 |
| $4,413.07 | $5,849.90 | $10,262.97 |
| $5,092.11 | $6,750.01 | $11,842.12 |
| $5,500.08 | $7,290.70 | $12,790.78 |
| $8,849.54 | $11,730.78 | $20,580.32 |
| $19,298.65 | $25,581.93 | $44,880.58 |
| $19,603.39 | $25,985.90 | $45,589.29 |
| $25,127.07 | $33,307.98 | $58,435.05 |
| $27,718.34 | $36,742.92 | $64,461.26 |
| $29,530.22 | $39,144.70 | $68,674.92 |
| $48,353.73 | $64,096.80 | $112,450.53 |
| $51,813.69 | $68,683.25 | $120,496.94 |
| $64,733.60 | $85,809.66 | $150,543.26 |
| $71,388.32 | $94,631.02 | $166,019.34 |
| **$404,200.00** | **$535,800.00** | **$940,000.00** |