IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SYLVIA KLATT and<br>ANDREA ZENNER, | ) <br> ) <br> ) | JURY DEMANDED |
| Plaintiffs, | ) <br> ) | Case No. 1:18-cv-07414 |
| v. | ) <br> ) <br> ) | |
| McHENRY SCHOOL DISTRICT 15, and<br>McHENRY SCHOOL DISTRICT 156, | ) <br> ) <br> ) | Magistrate Judge Fuentes |
| Defendants. | ) | |

## APPROVAL ORDER AND FINAL JUDGMENT

UPON CONSIDERATION of the Parties' Joint Motion for Approval of the Settlement Agreement and Release ) ("the Joint Motion"; D.E. 98), and otherwise being fully informed on the premises, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

(1) This Court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. § 1331 and § 216(b) of the Fair Labor Standards Act ("FLSA") and has supplemental jurisdiction over Plaintiffs' Illinois Minimum Wage Law ("IMWL") claims pursuant to 28 U.S.C. § 1367(a), including jurisdiction over Sylvia Klatt and Andrea Zenner ("Representative Plaintiffs") and Lori Barnes, Joann Behan, Angela Bove, Jennifer Cassan, Debra Chaples, Brian Diederich, Cynthia Duckworth, Donna Eskridge, Julie Fast, Julie Flores, Donna Freedenberg, Thomas Giurlani, Jennifer Herman, Michael Horvath, Vicki Johnson, Jeneane Kehl, Laura Langguth, John Lindsay, Charles Lindwall, Megan Lowe, Donna Mulick, Sue Ofenlock, Deborah Pahl, Dennis Palvs, Tyler Roman, Eugene Silvers, David Slepcevich, Brenda Tonyan, Jennie Weberski, Linda Weinfurter, George Wilkinson, and Samantha Zurawski (collectively "Opt-In Plaintiffs") (together with Representative Plaintiffs, the "Plaintiffs").

(2) The Court finds that there is a bona fide dispute between the Parties as to whether Plaintiffs are owed any overtime compensation.

(3) The Court grants the Joint Motion, granting final approval of the Settlement Agreement and Release ("Settlement Agreement") and each individual Plaintiffs' Release as set forth in the Settlement Agreement.

(4) The Court finds that the Settlement Agreement is fair, reasonable and adequate, and in the best interests of the Plaintiffs. The Court finds that: (a) the strength of Plaintiffs' case on the merits weighed against Defendants' defenses, and the complexity, length and expense of

further litigation, support approval of the Settlement Agreement; (b) the Settlement Payment set forth in the Settlement Agreement is a fair, reasonable and adequate settlement of the claims; (c) the Settlement Agreement was reached pursuant to arm's-length negotiations between the Parties; (d) the support for the Settlement Agreement expressed by Plaintiffs' Counsel and counsel for Defendants, both of whom have significant experience representing parties in complex class and collective actions, including those involving wage and hour claims, weighs in favor of approval of the Settlement Agreement; and (e) the litigation has progressed to a stage where the Court and the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, and thus warrants approval of the Settlement Agreement.

(5) The Court approves the Settlement Agreement as a final, fair, reasonable, adequate, and binding release of the claims of Representative Plaintiffs and Opt-In Plaintiffs as provided in the Settlement Agreement and individual Release. Plaintiffs agree to "irrevocably and unconditionally release and forever until the end of time discharge and acquit Defendants and Defendants' Affiliates from all claims that were asserted in the Litigation, including but not limited to all claims for unpaid overtime wages, liquidated damages, treble damages, or other sums due as a result of any alleged failure to pay wages in accordance with the Fair Labor Standards Act or Illinois Minimum Wage Law (hereinafter referred to as the "Claims"), earned or payable from November 8, 2015 through December 31, 2019."

(6) All Plaintiffs irrevocably consent to join and opt into the FLSA collective action in this Lawsuit.

(7) The Parties' proposed Settlement Agreement is approved, including each of the 34 individual Plaintiffs' Release, the payments to Plaintiffs, the additional service payment to the Representative Plaintiff Sylvia Klatt, and the payment of attorneys' fees and costs.

(8) This Court hereby dismisses the case in its entirety without prejudice as to each of the 34 Plaintiffs, specifically, Sylvia Klatt and Andrea Zenner, Lori Barnes, Joann Behan, Angela Bove, Jennifer Cassan, Debra Chaples, Brian Diederich, Cynthia Duckworth, Donna Eskridge, Julie Fast, Julie Flores, Donna Freedenberg, Thomas Giurlani, Jennifer Herman, Michael Horvath, Vicki Johnson, Jeneane Kehl, Laura Langguth, John Lindsay, Charles Lindwall, Megan Lowe, Donna Mulick, Sue Ofenlock, Deborah Pahl, Dennis Palvs, Tyler Roman, Eugene Silvers, David Slepcevich, Brenda Tonyan, Jennie Weberski, Linda Weinfurter, George Wilkinson, and Samantha Zurawski, without awarding costs to the Parties except as provided in the Settlement Agreement. By agreement of the Parties, the Court shall retain jurisdiction only for the purpose of enforcing payment of the Settlement Payment as set forth in the Settlement Agreement through October 30, 2020. If no party files a motion to enforce the Settlement Agreement or asking the Court to maintain jurisdiction on or before October 30, 2020, this case will be dismissed with prejudice without further order of the Court.

IT IS SO ORDERED.

Date: Sept. 25, 2020

The Hon. Gabriel A. Fuentes
United States Magistrate Judge